UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMMA LINBLAD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NATIONWIDE MUTUAL INSURANCE<br>COMPANY,<br><br>　　　　Defendant. | Civ. No. 14-908 (NLH/KMW)<br><br>**OPINION** |

**APPEARANCES:**

Audwin F. Levasseur, Esquire
The Law Offices of Harbatkin &
　Levasseur, P.A.
616 E. Palisade Ave
Suite 102
Englewood Cliffs, New Jersey 07024

　　*Counsel for Plaintiff*

Catherine S. Straggas, Esquire
Margolis Edelstein
The Curtis Center
Suite 400E
170 S. Independence Mall West
Philadelphia, Pennsylvania 19106

　　*Counsel for Defendant*

**HILLMAN, District Judge**:

　　On February 12, 2014, Plaintiff Emma Linblad filed a two-count complaint alleging breach of contract, one pursuant to New Jersey state law and one pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001-4129 (hereafter, "NFIA"), against

1

Defendant Nationwide Mutual Insurance Company.[1]  Presently before the Court is Defendant's motion [Doc. No. 7] seeking to dismiss both claims as barred by the statute of limitations. Alternatively, Defendant seeks dismissal of Plaintiff's prayer for consequential damages and attorney's fees.  Plaintiff did not file a response to the motion.  The Court has considered Defendant's submission and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons that follow, Defendant's motion to dismiss will be granted in part and denied in part.

I.  **JURISDICTION**

The Court has subject matter jurisdiction over Plaintiff's breach of contract claims pursuant to 42 U.S.C. § 4072, as well as 28 U.S.C. § 1331, because the controversy arises under the laws of the United States, including the NFIA.  <u>Van Holt v. Liberty Mut. Fire Ins. Co.</u>, 163 F.3d 161, 167 (3d Cir. 1998) (holding that "42 U.S.C. § 4072 vests district courts with original exclusive jurisdiction over suits by claimants against [Write Your Own insurance] companies based on partial or total disallowance of claims for insurance arising out of the National

---

[1] Although Plaintiff named Harleysville Insurance Company as the defendant in this matter, the parties subsequently submitted a stipulation substituting Nationwide Mutual Insurance Company as the defendant.  This stipulation was signed by Magistrate Judge Williams on July 9, 2014.

2

Flood Insurance Act.").

## II. BACKGROUND

This suit concerns the adjustment of an insurance claim under a policy placed through the National Flood Insurance Program ("NFIP"). (Compl. ¶ 5.)  As the Third Circuit has explained, the NFIP is "a federally supervised and guaranteed insurance program presently administered by the Federal Emergency Management Agency ('FEMA') pursuant to the NFIA and its corresponding regulations." Van Holt, 163 F.3d at 165 (citing 44 C.F.R. §§ 59.1–77.2).  The NFIP essentially "guarantees and subsidizes flood insurance." Brusco v. Harleysville Ins. Co., No. 14-914, 2014 WL 2916716, at *1 (D.N.J. June 26, 2014).

"In 1983, pursuant to regulatory authority granted by Congress in 42 U.S.C. § 4081(a), FEMA created the 'Write Your Own' ('WYO') program." Van Holt, 163 F.3d at 165 (citing 44 C.F.R. §§ 62.23–.24).  The WYO program authorizes "private insurance companies like [Defendant] [to] write their own insurance policies." Id. (citing 44 C.F.R. § 62.23).  Through the WYO program, Defendant and other private insurance companies "administer[] standard form policies, pay[] any excess from premiums to the federal government, and act[] as 'fiscal agents'

of the United States."[2]  Brusco, 2014 WL 2916716, at *1 (citing 44 C.F.R. § 62 app. A (2013)).  "[R]egardless [of] whether FEMA or a WYO company issues a flood insurance policy, the United States treasury funds pay off the insureds' claims."  Van Holt, 163 F.3d at 165 (citations omitted).

According to the allegations in the complaint, Plaintiff purchased a Standard Flood Insurance Policy ("SFIP"), policy number 99050775302012, for her residential property located at 9 North Sacramento Avenue, Ventnor, New Jersey.  (Compl. ¶ 5.)  Defendant issued the policy in accordance with the NFIP.  (Id.)  Plaintiff avers that she paid "all related premiums in a timely fashion."  (Id. ¶ 6.)  On October 29, 2012, within the policy period, Superstorm Sandy struck Ventnor, New Jersey, purportedly causing catastrophic damage to the covered property.  (Id. ¶¶ 5, 6.)  Plaintiff made a claim for damage to the insured property, but Defendant allegedly "improperly adjusted and otherwise mishandled Plaintiff's claim" insofar as Plaintiff has not received proper payment for the extensive damages caused by Superstorm Sandy.  (Id. ¶¶ 7, 11.)

---

[2] Under the WYO Program, a WYO company must issue coverage under a Standard Flood Insurance Policy ("SFIP").  44 C.F.R. § 62.23(c).  The SFIP is set forth at Appendix A to 44 C.F.R. Pt. 61.  "All subsidized flood insurance must be sold as a standard, unaltered policy, and the terms of the policy are governed by the NFIA and its corresponding regulations."  Brusco, 2014 WL 2916716, at *1.

On February 12, 2014, Plaintiff filed the instant civil action for breach of contract under New Jersey law and the NFIA. (Compl. ¶¶ 13, 16.)[3] As noted previously, Defendant seeks dismissal on two grounds. First, Defendant argues that Plaintiff's claims are barred by the statute of limitations. Alternatively, Defendant asserts that Plaintiff's demand for consequential damages and attorney's fees are preempted by the NFIA and the NFIP.

### III. STANDARD FOR MOTION TO DISMISS

In considering whether Plaintiff's complaint fails to state a claim, the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed. R. Civ. P. 12(b)(6), [a district court is] . . . required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable

---

[3] On the same date, Plaintiff's counsel filed a nearly identical action in this District on behalf of a different plaintiff. See Brusco v. Harleysville Ins. Co., Civil Action No. 14-914 (JEI/JS). Defendant, who is also the defendant in Brusco, sought dismissal of the plaintiff's claims in Brusco on the same grounds raised in the motion presently before this Court. The District Court in Brusco granted Defendant's motion to dismiss on June 26, 2014.

5

to" the plaintiff).  A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted).  First, under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 556 U.S. at 678, 129 S. Ct. 1937).  Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Fowler, 578 F.3d at 211 (citing Iqbal, 556 U.S. at 679, 129 S. Ct. 1937).  "[A] complaint must do more than allege the plaintiff's entitlement to relief."  Fowler, 578 F.3d at 211; see also Phillips, 515 F.3d at 234 ("The Supreme Court's Twombly formulation of the pleading

6

standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

Finally, a court in reviewing a Rule 12(b)(6) motion must consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of public record. Guidotti v. Legal Helpers Debt Resolution, 716 F.3d 764, 772 (3d Cir. 2013).  A court may also consider "'undisputedly authentic documents if the complainant's claims are based upon these documents[.]'"  Id. (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

7

## IV. ANALYSIS

Defendant seeks to dismiss both the breach of contract claim under New Jersey law and the breach of contract claim under the NFIA. The Court addresses each claim in turn.

### A. State-Law Breach of Contract Claim

To foster the uniform handling of civil cases arising out of Hurricane Sandy, the United States District Court for the District of New Jersey adopted Hurricane Sandy Case Management Order No. 1. This Case Management Order governs all Hurricane Sandy cases involving SFIPs sold and administered by participating WYO insurance companies in accordance with the NFIP. (Standing Order No. 14-2.) The Case Management Order expressly provides that all state-law claims are to be dismissed from any WYO action or direct suit, citing C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co., 386 F.3d 263, 268 (3d Cir. 2004).

In C.E.R. 1988, the United States Court of Appeals for the Third Circuit addressed the issue of whether the NFIA preempts state-law claims related to an insurance contract, an issue that the Third Circuit had left open when it decided Van Holt.[4] Id. Although C.E.R. 1988 was decided in reference to a state-law tort claim, the Third Circuit held simply that "state-law claims

---

[4] In Van Holt, the Third Circuit found that the state-law tort claims in that case lacked merit, and the Court therefore declined to decide whether the NFIA preempted the state-law claims. Van Holt, 163 F.3d at 168 n.6.

are preempted by the NFIA." Id. "Subsequent disputes concerning the handling of SFIPs have determined that Van Holt and C.E.R. essentially conclude that 'all causes of action involving the adjustment of a claim [under the NFIP] are preempted by federal law.'" Brusco, 2014 WL 2916716, at *3 n.5 (quoting Uddoh v. Selective Ins. Co. of Am., No. 13-cv-2719 (SRC), 2014 WL 183815, at *1 (D.N.J. Jan. 16, 2014)).

In this dispute, Plaintiff brings a breach of contract claim concerning the handling of an SFIP under New Jersey law. Pursuant to the holding of C.E.R. 1988, the Court finds here that Plaintiff's state-law claim is preempted by the NFIA and is therefore subject to dismissal. See also Hurricane Sandy Case Management Order No. 1 ("The following claims are hereby dismissed from any WYO action . . . state law claims[.]"); Brusco, 2014 WL 2916716, at *3-4 (court conducted thorough preemption analysis of state-law contract claim, which was virtually identical to claim in this case, and concluded that such claim was preempted under NFIA).

    **B.    Claim under the NFIA**

        **1.    Statute of Limitations**

Defendant also seeks dismissal of Plaintiff's federal breach of contract claim as time-barred. Defendant argues that the applicable statute of limitations is one year, as set forth in 42 U.S.C. § 4072, and that Plaintiff missed the filing

9

deadline by twenty-six days.  In support of its argument, Defendant relies upon a letter dated January 17, 2013, by which Defendant denied in part Plaintiff's claim.  Defendant notes that Plaintiff did not file suit until February 14, 2014.

42 U.S.C. § 4072 provides in relevant part as follows:

> [U]pon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, <u>within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator</u>, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated . . . [.]

42 U.S.C. § 4072 (emphasis supplied).  The time frame for filing suit under the statute is similar to, but not identical to, the time for filing suit pursuant to the SFIP.  Specifically, the policy provides:

> If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim . . . [.]

44 C.F.R. Pt. 61, App. A(1), Section VII(R).  Thus, the time for filing suit pursuant to the SFIP is calculated by the date of the denial letter, and pursuant to the statute by the date the denial letter is mailed.[5]

---

[5] Notwithstanding the discrepancy between the statute and the policy itself, which is codified in the Code of Federal

10

Defendant argues that the statute of limitations begins to run as of the date it issued the letter denying part of Plaintiff's claim for reimbursement. However, several courts have held that an insurer's denial of a claim based upon an adjuster's report is not sufficient to trigger the one-year statute of limitations. Rather, the one-year filing period begins to run when the insurer denies a claim that is based upon the insured's sworn proof of loss.

The Eastern District of Louisiana squarely faced this issue in Qader v. FEMA, 543 F. Supp. 2d 558 (E.D. La. 2008), in the wake of Hurricane Katrina. In Qader, the plaintiff's properties were insured under SFIPs issued under the NFIP, purchased directly from FEMA, and were flooded during Hurricane Katrina in 2005. Id. at 559. FEMA attempted to have the suit dismissed on the ground that the plaintiff did not timely file suit. Id. at 560. FEMA argued that a June 23, 2006 letter denying the plaintiff's request for additional payment started the clock to file suit. Id. The District Court disagreed with FEMA's position, noting that the Federal Insurance Administration (a component of FEMA) partially waived the proof of loss

---

Regulations, the Court need not resolve which date controls because Defendant fails, as discussed below, to establish that the January 17, 2013 letter triggered Plaintiff's obligation to timely file suit. As such, the Court need not calculate the date by which Plaintiff must have initiated litigation based upon the January 17, 2003 letter.

11

requirement to expedite the processing and payment of flood claims arising out of Hurricane Katrina. Id. at 561. Under the modified procedure, NFIP insurers could inspect, adjust and make payments on flood claims before they even received a sworn proof of loss. Id. As such, NFIP insurers could disallow or partially disallow flood claims before receiving a proof of loss. Id. at 562. In such cases, the one-year statute of limitations would not begin to run until FEMA denied a claim that was accompanied by a proof of loss, unless proof of loss was waived. Id. The court found that allowing the statute of limitations to run before a plaintiff even submitted a proof of loss would render the proof of loss extension meaningless. Id.

The rationale of Qadar was recently adopted in this District in Kroll v. Johnson, No. Civ. A. 14-2496, 2014 WL 4626009, at *1 (D.N.J. Sept. 15, 2014). In Kroll, the court addressed when the statute of limitations began to run for the plaintiffs' claims for flood damage arising from Hurricane Sandy. The court rejected the defendant's argument that the statute of limitations began to run when FEMA first mailed a letter to the plaintiffs denying part of their claim for reimbursement. Kroll, 2014 WL 4626009, at *3-4. Instead, the court found "most persuasive" the reasoning in Qader. Id. at *4. The court noted that following Hurricane Sandy FEMA extended the deadline to file a proof of loss to two years, and

12

pointed out that adopting the defendant's reading of Section 4072 would "render the proof-of-loss extension meaningless." Id.

Several other courts have similarly concluded that the statute of limitations under 42 U.S.C. § 4072 does not begin to run until the insurer denies a claim based upon a sworn proof of loss.  See, e.g., M & K Rest. v. Farmers Ins. Co., No. 4:12-cv-00783 KGB, 2014 WL 3347865, at *10 (E.D. Ark. July 8, 2014)("[S]ince the September 9, 2011, denial letter was not based upon a proof of loss, it does not trigger 42 U.S.C. § 4072."); Altman v. Napolitano, Nos. G-10-3004, G-10-cv-487, 2013 WL 788452, at *1 (S.D. Tex. Mar. 1, 2013) ("The one-year filing period begins to run when FEMA denies a claim that is based upon the insured's sworn proof of loss, not from the date FEMA denies a claim based upon an adjuster's report.  Until the insured submits a sworn proof of loss, FEMA has no 'statement of the amount (the insured) is claiming under the policy.'"); Willis v. State Farm Fire & Cas. Co., Civ. A. No. 07-4862, 2008 WL 793514, at *3 (E.D. La. Mar. 24, 2008) ("[B]ecause the August 9, 2006 letter was not generated as a result of a claim accompanied by a signed Proof of Loss, it failed to serve as the statutory notice of denial described in section [4072] and as a result, failed to trigger the one year time limitation."); but see, In re Hurricane Sandy Cases, No. 14 MC 41, 2014 WL 1379612, at *3

(E.D.N.Y. Mar. 28, 2014) ("[C]onflicting guidance exists as to the proper application of the one-year statute of limitations for filing an action vis-à-vis the proof of loss requirement, particularly following the time extension and expedited procedures afforded to victims of Hurricane Katrina and Sandy."); Brusco, 2014 WL 2916716, at *6 (finding the insurer's letter denying the plaintiff's claim, based on adjuster's report, sufficient to trigger Section 4072's one-year statute of limitations).

    Here, the Court is unable to conclude, based on the record at this time, that the January 17, 2013 letter sent by Defendant to Plaintiff is sufficient to trigger the statute of limitations.  Although the proof of loss must ordinarily be filed within 60 days of a loss event, 44 C.F.R. Pt. 61, App. A(1), Section VII(J)(4), FEMA extended the time to file a proof of loss for flood claims arising out of Hurricane Sandy to two years.  See FEMA Bulletins W-12092a, W-13060a, W-14017.  Plaintiff therefore had until October 29, 2014 to file a proof of loss under the SFIP.  The Court notes Plaintiff's averment in the complaint that "[a]ll conditions precedent to recovery by Plaintiff have been met or have occurred," and that the filing of a proof of loss is a condition precedent to the filing of a civil action.  44 C.F.R. Pt. 61, App. A(1), Section VII(J)(4).  However, it is not apparent from the record that Defendant's

14

January 17, 2013 denial was based on a claim that included Plaintiff's sworn proof of loss. Given that the statute of limitations begins to run as of the date Defendant denied Plaintiff's claim that is based upon her sworn proof of loss, not from the date Defendant denied a claim based upon an adjuster's report, the Court cannot conclude that Plaintiff filed this civil action after the statute of limitations expired. Defendant's motion to dismiss the breach of contract claim under the NFIA is denied, without prejudice to Defendant's right to address this issue at a later time.

### 2. Available Remedies under the NFIA

Plaintiff's complaint seeks, inter alia, actual damages, consequential damages, and attorney's fees. Defendant argues that Plaintiff's prayers for "extra-contractual" damages, specifically, the request for consequential damages and attorney's fees, are subject to dismissal.

As set forth above, Plaintiff may only pursue a claim through a breach of contract action based on the SFIP itself under federal law. Courts have uniformly held that in breach of contract actions where the contract had been issued pursuant to the NFIA, prevailing plaintiffs are not entitled to recover attorneys' fees because federal law does not provide for such a remedy. See, e.g., Jefferson Beach House Condo. Ass'n v. Harleysville Ins. Co. of New Jersey, Civil No. 13-6480, 2014 WL

15

4681074, at *8 (D.N.J. Sept. 22, 2014)(granting motion to dismiss to extent plaintiff sought attorney's fees and costs); Ryan v. Selective Ins. Co. of Am., No. Civ. A. 13-6823, 2014 WL 2872089, at *2-3 (D.N.J. June 23, 2014) (granting insurance company's motion to dismiss insofar as complaint sought counsel fees in connection with plaintiff's breach of contract claim under SFIP); Messa v. Omaha Prop. & Cas. Ins. Co., 122 F. Supp. 2d 513, 523 (D.N.J. 2000) ("Plaintiffs may still pursue that claim through their breach of contract action based on the SFIP itself.  However, plaintiffs are not entitled to receive compensatory, punitive, or consequential damages, or attorney's fees, for alleged bad faith during the National Flood Insurance Program claims handling process, because federal law does not provide for those remedies in this type of case."); 3608 Sounds Ave. Condo Ass'n v. South Carolina Ins. Co., 58 F. Supp. 2d 499, 502 (D.N.J. 1999) ("It is also well established that plaintiffs who assert flood insurance claims cannot recover penalties and attorney's fees because federal law preempts such state law claims.").  Accordingly, Plaintiff's prayer for attorney's fees in connection with her claim under the NFIA will be dismissed.

With respect to Plaintiff's prayer for consequential damages, the Court notes that the SFIP provides that coverage is limited to "direct physical loss by or from flood . . . [.]" See 44 C.F.R. Pt. 61, App. A(1), Sections I, V(A).  To the

extent Defendant failed to pay Plaintiff for any direct physical loss by or from the flood, Plaintiff may potentially recover such sums in her breach of contract claim under the SFIP. Plaintiff, however, is not entitled to recover sums for any and all loss resulting from a flood, as the policy specifically excludes from recovery certain enumerated damages. Id. at Art. V(A)(1)-(7).

Consequential damages are "indirect in nature, arising from related harms and expenses." Ryan, 2014 WL 2872089, at *3. In Ryan, the District Court dismissed the plaintiff's claim for consequential damages in connection with a breach of contract claim under the SFIP, finding that such damages are indirect and therefore are not an available remedy under the SFIP. Id. Several other courts have likewise held that consequential damages are not recoverable under the SFIP. See, e.g., Atlas Pallet, Inc. v. Gallagher, 725 F.2d 131, 139 (1st Cir. 1984) ("We believe that the type of loss insured under the SFIP does not include the kind of economic loss claimed by appellant under the rubric of 'consequential damages.' Instead, we conclude that the SFIP only covers physical damage to the insured building."); Brandt v. Am. Bankers Ins. Co. of Fla., No. C08-5760BHS, 2010 WL 3220620, at *4 (W.D. Wash. Aug. 13, 2010) ("The flood policy does not allow for consequential damages -- it must be directly by or from flood."), aff'd, 653 F.3d 1108 (9th Cir.

17

2011); Perdido Sun Condo. Ass'n, Inc. v. Nationwide Mut. Ins. Co., No. 3:06cv318/MCR, 2007 WL 2565990, at *6 (N.D. Fla. Aug. 30, 2007)(finding demand for consequential damages improper because SFIP provides that coverage extends only to direct loss and does not include economic loss).

Given the above authority, the Court concludes that Plaintiff cannot recover economic damages caused by or from a flood, as these are not a direct physical loss.  Defendant's motion to dismiss Plaintiff's prayer for consequential damages will be granted.

**V.   CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss will be granted in part and denied in part.  Defendant's motion is granted insofar as Defendant seeks dismissal of Plaintiff's state-law claim for breach of contract and Plaintiff's prayer for consequential damages and attorney's fees in connection with her claim under the NFIA.  Defendant's motion is denied insofar as Defendant seeks dismissal of Plaintiff's claim under the NFIA as time-barred, without prejudice to Defendant's right to address this issue at a later time.

An Order consistent with this Opinion will be entered.

s/ Noel L. Hillman

Date: December 4, 2014         NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey