UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

EMMA LINBALD,

              Plaintiff,           Civil No. 14-908 (NLH/KMW)

v.

NATIONWIDE MUTUAL INSURANCE       **OPINION**
COMPANY,

              Defendant.

_____

**APPEARANCES:**

Audwin F. Levasseur
The Law Offices of Harbatkin & Levasseur, PA
616 E. Palisade Ave
Suite 102
Englewood Cliffs, NJ 07024
    *Attorney for Plaintiff*

Daniel W. Ballard
Claims Worldwide, LLC
1240 Old York Road
Suite 101
Warminster, PA 18974
    *Attorney for Plaintiff*

Catherine S. Straggas
Margolis Edelstein
The Curtis Center
Suite 400E
170 S. Independence Mall West
Philadelphia, PA 19106
    *Attorney for Defendant*

**HILLMAN, District Judge:**

This matter comes before the Court by way of Plaintiff's

motion to set aside judgment pursuant to Fed. R. Civ. P.

1

60(b)(6) based on the alleged neglectful representation by her former counsel in Superstorm Sandy related litigation.  The Court has considered the parties' submissions, and decides this matter pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, Plaintiff's motion will be denied without prejudice.

## I.   **BACKGROUND**

According to the allegations in the complaint, Plaintiff Emma Linbald purchased a Standard Flood Insurance Policy ("SFIP"), policy number 99050775302012, for her residential property located at 9 North Sacramento Avenue, Ventnor, New Jersey.  (Compl. ¶ 5.)  Nationwide issued the policy in accordance with the National Flood Insurance Program ("NFIP"). (Id.)  Plaintiff avers that she paid "all related premiums in a timely fashion."  (Id. ¶ 6.)  On October 29, 2012, within the policy period, Superstorm Sandy struck Ventnor, New Jersey, purportedly causing catastrophic damage to her property.  (Id. ¶¶ 5, 6.)  Plaintiff made a claim for damages, but contends Nationwide did not appropriately adjust and pay the claim. (Id. ¶¶ 7, 11.)

On February 12, 2014, Plaintiff filed a two-count complaint alleging breach of contract, one pursuant to New Jersey state law and one pursuant to the National Flood Insurance Act of

1968, 42 U.S.C. §§ 4001-4129 (hereafter, "NFIA"), against
Nationwide.  Nationwide moved to dismiss both claims as barred
by the statute of limitations and sought to strike Plaintiff's
prayer for consequential damages and attorney's fees.  Plaintiff
did not file a response to this motion.

In its December 4, 2014 Opinion and Order, the Court
granted Nationwide's motion to dismiss Plaintiff's state-law
claim for breach of contract and to strike Plaintiff's prayer
for consequential damages and attorney's fees in connection with
her claim under the NFIA.  The Court denied Nationwide's motion
insofar as it sought dismissal of Plaintiff's claim under the
NFIA as time-barred, without prejudice to Nationwide's right to
later address this issue.  Following the Court's decision,
Nationwide filed an Answer to Plaintiff's remaining breach of
contract claim on December 18, 2014 [Doc. No. 32].

On February 9, 2015, Nationwide's counsel wrote to
Magistrate Judge Karen M. Williams to advise that Plaintiff
failed to submit the supplemental Proof of Loss which Nationwide
asserts is necessary for Plaintiff to maintain her suit.
Nationwide further advised the Court that Plaintiff failed to
exchange automatic disclosures pursuant to the Hurricane Sandy
Case Management Order [Doc. No. 33].  Nationwide also noted that
it attempted to contact Plaintiff's counsel by letter and phone
but received no response.

3

Judge Williams held a telephone status conference on February 13, 2015.  A week later, Plaintiff's counsel executed a stipulation of dismissal with prejudice and the case was terminated on February 23, 2015.  Five months later, with new counsel, Plaintiff filed the instant motion to set aside judgment.  In her motion, Plaintiff argues that she was "unaware of and did not approve of [the dismissal]."  (Reply. Br. at 5 [Doc. No. 42].)

## II.   JURISDICTION

The Court has subject matter jurisdiction over Plaintiff's breach of contract claims pursuant to 42 U.S.C. § 4072, as well as 28 U.S.C. § 1331, because the controversy arises under the laws of the United States, including the NFIA.  Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 167 (3d Cir. 1998) (holding that "42 U.S.C. § 4072 vests district courts with original exclusive jurisdiction over suits by claimants against [Write Your Own insurance] companies based on partial or total disallowance of claims for insurance arising out of the National Flood Insurance Act.").

## III.   LEGAL STANDARD

Plaintiff seeks relief from an order dismissing the case with prejudice pursuant to Fed. R. Civ. P. 60(b)(6), the Rule's "catch-all" provision.  Fed. R. Civ. P. 60(b) provides:

4

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> ...
>
> (6) any other reason that justifies relief.

Id.

"[T]he Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." In re Fine Paper Antitrust Litig., 840 F.2d 188 (3d Cir. 1988) (quotation omitted). A showing of extraordinary circumstances involves demonstrating that without relief from the judgment, "an 'extreme' and 'unexpected' hardship will result." Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008) (citing Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977)). "[E]xtraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." Budget Blinds, 536 F.3d at 255.

Plaintiff, as the party seeking relief from final judgment, bears the burden of establishing entitlement to such relief. Cox v. Horn, 757 F.3d 113, 122 (3d Cir. 2014) cert. denied sub nom. Wetzel v. Cox, 135 S. Ct. 1548, 191 L. Ed. 2d 663 (2015). Additionally, a motion for relief from a final judgment must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1).

Accordingly, to be successful on this motion, Plaintiff must demonstrate that the motion was timely filed, an extreme and unexpected hardship will result if the judgment is not vacated, and the motion is based on extraordinary circumstances.

IV.   **DISCUSSION**

Plaintiff argues that judgment should be vacated because the ineffective assistance of her former counsel left her virtually unrepresented.  According to Plaintiff, the Texas-based Voss Law Firm "aggressively marketed" to Superstorm Sandy victims including Plaintiff.  (Mot. at ¶ 5.)  As a result, the Voss Law Firm was retained by hundreds of people in New Jersey and associated itself with Harbatkin & Levasseur, PA as local counsel.  (Mot. at ¶ 6-7.)  Plaintiff contends that hundreds of lawsuits filed by the Voss Law Firm and Harbatkin & Levasseur PA have been dismissed on procedural grounds such as failing to serve complaints, failing to prosecute claims, and failing to answer discovery.  (Mot. ¶ 8.)  At least one court in this district imposed sanctions on the Voss Law Firm and Mr. Levasseur of Harbatkin & Levasseur, PA for their neglectful representation in a Sandy lawsuit.  See Lighthouse Point Marina & Yacht Club, LLC v. Int'l Marine Underwriters, No. 14-2974, 2015 WL 1969360 (D.N.J. May 1, 2015).

As an initial matter, the Court finds Plaintiff's Rule 60(b)(6) motion was timely filed.  A motion for relief from a

6

final judgment must be made within a reasonable time.  Fed. R.
Civ. P. 60(c)(1).  Plaintiff's motion comes five months after
judgment was entered.  Plaintiff has proffered a sufficient
explanation for this delay.  Plaintiff's new counsel asserts
that it obtained approximately 150 files from the Voss Law Firm
consisting of tens of thousands of files, in no rational order,
many of which were mislabeled and combined information from
multiple cases.  (Reply at 3.)  Plaintiff's new counsel asserts
that it took months to reorganize the files and determine the
appropriate course of conduct to take.  Id.; cf., Moolenaar v.
Gov't of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987)
(holding that a motion brought under Rule 60(b)(6) two years
after the district court's judgment was untimely where "the
reason for the attack upon that judgment was available for
attack upon the original judgment").  The Court finds that given
the factual background of this case, Plaintiff's motion was
filed within a reasonable period of time.

     The Court also finds that Plaintiff has met her burden of
showing that if relief is not granted she will suffer an extreme
and unexpected hardship.  Boughner, 572 F.2d at 978 (the entry
of summary judgments which precluded an adjudication on the
merits of the appellants' claims for benefits constituted an
"extreme and unexpected hardship").  Plaintiff maintains the

case cannot be refiled because it was dismissed with prejudice and due to the expiration of the statute of limitations.

At this time, however, the Court has insufficient evidence from which to determine whether extraordinary circumstances exist which warrant relief from judgment.  While "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices," it is not clear to the Court whether Plaintiff made a deliberate choice or whether Plaintiff's counsel had her case dismissed without her approval or knowledge.  Budget Blinds, 536 F.3d at 255.  It is also unclear when and how Plaintiff learned the case was dismissed.  In her brief, Plaintiff states that she was "unaware of and did not approve of [the dismissal]."  (Reply. Br. at 5.)  However, Plaintiff has not submitted an affidavit or any other evidence from which to conclude that her former counsel acted without authority.

The Court notes that in a recent case in this district, the Honorable William H. Walls, S.U.S.D.J., held that a SFIP insured should not be excused from a dismissal because of the conduct of the Voss Law Firm and Mr. Levasseur.  In Lighthouse Point Marina & Yacht Club, LLC v. Int'l Marine Underwriters, 14-2974, 2015 WL 1969360 (D.N.J. May 1, 2015), the Voss Law Firm and Mr. Levasseur, representing a Sandy plaintiff, failed to respond to the defendant's motion to dismiss which resulted in the

dismissal of the complaint.  Since the defendant asserted the
lawsuit was fraudulent, the court issued an order to show cause
to which the Voss Law Firm and Mr. Levasseur again failed to
respond.  As a result, the court entered judgment against the
plaintiff, the Voss Law firm, and Mr. Levasseur, jointly and
severally.  Judge Walls also prohibited Bill L. Voss of the Voss
Law Firm from seeking pro hac vice admission before him for one
year.  Mr. Levasseur moved to set aside the dismissal pursuant
to Fed. R. Civ. P. 60(b).  Judge Walls denied the motion,
reasoning that the plaintiff must suffer the consequences of its
counsel's inadequate representation.

     What distinguishes Lighthouse from the instant case is that
Plaintiff may be able to demonstrate that her former counsel's
conduct was "so gross that it is inexcusable."  Boughner v.
Sec'y of Health, Ed. & Welfare, U. S., 572 F.2d 976, 978 (3d
Cir. 1978).  In Boughner, the Third Circuit found that an
attorney's conduct can create an exceptional circumstance under
Rule 60(b)(6).  The court vacated a summary judgment decision
based on the plaintiff's attorney's egregious conduct in failing
to file responsive motions in 52 cases.  Boughner, 572 F.2d at
976.  The Third Circuit held that, "[t]o permit these judgments
to stand, in light of Krehel's conduct and the absence of
neglect by the parties, would be unjust."  Boughner, 572 F.2d at
979; see also Carter v. Albert Einstein Med. Ctr., 804 F.2d 805,

9

808 (3d Cir. 1986) (reinstating complaint where dismissal was caused by an attorney's sanctionable negligence, noting "we do not favor dismissal of a case when the attorney's delinquencies - not the client's - necessitate sanctions.").

Similarly here, Plaintiff argues in her brief that she was unaware of and did not approve the joint stipulation which resulted in the dismissal of her case. Plaintiff also highlights that like the plaintiff's attorney in Boughner, many cases in this district involving her former counsel have been dismissed for non-diligent representation. See Lighthouse Point Marina & Yacht Club, LLC v. Int'l Marine Underwriters, No. 14-2974, 2015 WL 260891, at *4 (D.N.J. Jan. 20, 2015) reconsideration denied, 2015 WL 1969360 (D.N.J. May 1, 2015) (citing cases).

However, to meet her burden of proving that such extraordinary relief is warranted, Plaintiff must provide the Court with an affidavit or other evidence concerning her alleged ignorance of the filing of the joint stipulation. Plaintiff must also demonstrate that she has a meritorious claim. Opening this matter only to dismiss a less than colorable claim would not only be an act of futility but also work an injustice on the defendant who asserted various defenses before the voluntary dismissal in this matter and would have to repeat that costly process. Accordingly, Plaintiff must demonstrate her ability to

10

comply with Nationwide's previous discovery requests and submit all information necessary to maintain her suit including proof that all prerequisites to suit have been met.

**V.**   <u>**CONCLUSION**</u>

Plaintiff's motion to set aside judgment pursuant to Fed. R. Civ. P. 60(b)(6) will be denied without prejudice.  An Order consistent with this Opinion will be entered.  Plaintiff may renew her motion consistent with the directions above within forty five (45) days of entry of this Opinion and accompanying Order.

```
                                   ___s/ Noel L. Hillman_____
Dated: February 16, 2016           NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey
```